EZRA FINNEY & others *vs.* THE FAIRHAVEN INSURANCE COMPANY.

Where a part owner of a vessel effects insurance for himself and the other owners, without their previous authority, they may ratify his act after they obtain knowledge of the loss of the vessel: And the bringing of an action on the policy, in their names, is a sufficient ratification of his act.

ASSUMPSIT on a policy of insurance on the barque Volante, on a whaling voyage from Sippican, a port in Rochester, and back to said port. The plaintiffs, at the trial, gave in evidence the policy, dated October 12th 1839, by which the defendants caused John S. Bates, for himself and other owners, to be insured $10,000 on said barque and outfits, one half on each, as valued in the margin. To prove an insurable interest in the plaintiffs, and a right to maintain this action, they relied on the terms of the policy, viz. " for himself and other owners," and proposed to prove the ownership of the plaintiffs, without any other evidence of the authority of said Bates to make insurance for the owners, the present plaintiffs, besides that which arose from their bringing this action.

It was ruled by the judge before whom the trial was had, " that the policy being made by Bates for himself and the other owners, it was sufficient to cover the interest of all those owners for whom he had a right to act, and constituted a contract between the defendants and all such owners, on which they might bring an action, and that the fact of ownership might be proved by evidence *aliunde ;* that if Bates had authority to act for them, the contract would enure to their benefit, and that they might bring an action upon it, as well as if their names had been expressed ; and that such authority might be express or implied : But that the mere act of bringing an action for the loss was not sufficient evidence from which a jury could infer either an original authority or subsequent ratification, so as to make them parties to the contract, to supply the want of direct proof of original authority : That when subsequent ratification is relied on, without proof of original authority, there must be proof of some act

ol recognition, or of express or implied ratification, before knowledge of the loss."

The plaintiffs thereupon became nonsuit, and the point was reserved for the consideration of the whole court. Nonsuit to be set aside, if the evidence should have been left to the jury without further proof on this point.

*Eddy & W. Thomas*, for the plaintiffs, cited *Hagedorn* v. *Oliverson*, 2 M. & S. 485. *De Bollè* v. *Pennsylvania Ins Co.* 4 Whart. 68. *Routh* v. *Thompson*, 13 East, 274. *Lucena* v. *Craufurd*, 1 Taunt. 325 : 2 New Rep. 269. *Buck* v. *Chesapeake Ins. Co.* 1 Pet. 159. *Parish in Sutton* v. *Cole*, 3 Pick. 232. *Marr* v. *Plummer*, 3 Greenl. 73. *Sargent* v. *Morris*, 3 Barn. & Ald. 280, 281. *Bridge* v. *Niagara Ins. Co.* 1 Hall, 247. *Turner* v. *Burrows*, 5 Wend. 541 : 8 Wend. 144. Story on Agency, § 239. 1 Phil. Ins. (2d ed.) 157 : 2 ib. 727. *Williams* v. *Ocean Ins. Co.* 2 Met. 303.

*C. P. Curtis & Gifford*, for the defendants. That Bates, merely by his authority as part owner, could not insure for the other owners, has long been settled. *French* v. *Backhouse*, 5 Bur. 2727. *Campbell* v. *Stein*, 6 Dow, 116. *Finney* v. *Warren Ins. Co.* 1 Met. 18.

There is this qualification of the doctrine of· the ratification of acts done without previous authority, viz. if the act done by an unauthorized person would, if authorized, create a right to have some act or duty performed by a third person, so as to subject him to damage or loss for non-performance, then a subsequent ratification will not give validity to it, so as to bind such person to the consequences. Story on Agency, § 246. There are cases in which an act done without previous authority may become beneficial to the person for whom it was done, by his subsequent adoption of it ; but this holds only where no immediate act is to be done upon it by a third person. Paley on Agency, (Lloyd's ed.) 345. The validity of a ratification, *where no act of another is founded upon it*, does not depend upon its being communicated. Per Morton, J. 24 Pick. 203. If the unauthorized contract of Bates can be adopted by the other owners, so as to bind the defendants *ab initio*, it binds

them to all losses and damages arising from a contract of in-
surance, at the pleasure of the owners, during a long voyage,
without the defendants being able, at *their* pleasure, to enjoy the
benefits of the contract.   If the voyage had been successful, the
owners might have refused to ratify the contract, and chosen
not to be insured ; and Bates might have well declared that he
had no authority to contract for them.  See *Steinback* v. *Rhine
lander*, 3 Johns. Cas. 269.   *Foster* v. *United  States  Ins. Co*
11 Pick. 85.

An agent, who insures for his principal, has authority to aban-
don the cargo ; *Chesapeake Ins. Co.* v. *Stark*, 6 Cranch, 268 ;
and to settle the loss, if he has possession of the policy.  6 Mass.
196.   The master becomes agent of the assured, on a legal
adandonment.   Whose agent is he, before the owner ratifies the
contract of insurance ?   The underwriters may accept an aban-
donment made by one assuming to be agent, and act upon it,
and yet the owner may disavow the whole proceeding.   If they
call for proof of the agent's authority, they may lose their pre-
mium ; and if they pay the loss to him, he may not account to
his supposed principals.   See *Grant* v. *Hill*, 4 Taunt. 380.

The principal ought to elect, before the loss occurs, whether
to adopt the contract of insurance, and not " to pause and wait "
for events.   *Prince* v. *Clark*, 1 Barn. & Cres. 190.   *Clement*
v. *Jones*, 12 Mass. 64.

The cases of *Lucena* v. *Craufurd* and *Routh* v. *Thompson*,
cited for the plaintiffs, involved the prerogative of the crown.
The assured were officers of the government, and so far agents,
in some degree, by previous authorization. In *Barlow* v. *Leckie*,
4 Moore, 8, the jury found that the policy was effected by order
of the owner of the goods.   *Hagedorn* v. *Oliverson*, 2 M. &
S. 485, is the only case in which it clearly appears that the
owner may, by adopting a policy, (made without authority,)
after a loss has happened, entitle himself to the benefits of the
contract, as if he had previously authorized it and bound himself
for the premium.   And in all the foregoing cases, there was
some express act of adoption — by the king in council, in the
pr ze cases, or by the party, by letter or otherwise — before suit

brought. In the case at bar, the plaintiffs claim the benefit of the policy, without any act of adoption or ratification, besides that of their names appearing in an action on it to recover the loss. The declaration shows that the loss happened in January, and that the action was not brought till November following. During all this time the plaintiffs were *pausing and waiting for events.* A ratification must be made in a reasonable time. See *Right* v. *Cuthell*, 5 East, 491. *Bell* v. *Jutting*, 1 Moore, 155.

*Palmer* v. *Marshall*, 8 Bing. 79, is an authority to show that the mere commencement of a suit is not a sufficient adoption of a contract. One ground on which the court granted a new trial was, that the plaintiff had not *produced evidence* of the authority of his agent to make the contract. This case was wrongly decided, if bringing the action in the name of the party interested is a sufficient adoption of the contract : And so of every case that has been decided against a plaintiff on account of want of previous authority to effect the insurance. For there seems to be no clear distinction between the effect of an action in the name of the party interested, (as in *Palmer* v. *Marshall*,) or in the name of the agent, if the party interested appears, to adopt and prosecute it. If this doctrine is established, that class of cases, like *Foster* v. *United States Ins. Co.* 11 Pick. 85, where insurance was made by a ship's husband, or part owner, &c. will no more appear ; for a subsequent adoption of his act will place the other parties on the ground of a previous authorization. See also *Doe* v. *Walters*, 10 Barn. & Cres. 626 ; *Bailey* v. *Culverwell*, 8 Barn. & Cres. 448 ; *Peters* v. *Ballistier*, 3 Pick. 495 ; where it was held that the commencement of a suit was not a sufficient adoption of the act on which the suit was founded.

When this policy was made there was no consideration therefor, as between the plaintiffs and the defendants. And the premium paid for the policy may be recovered back, in whole or in part, if the insurance did not attach, or attached only partially. 2 Phil. Ins. (2d ed.) 526. 3 Johns. Cas. *ubi sup.*

HUBBARD, J. On the ruling of the presiding judge, two questions arise : The first, whether Bates, in his capacity of

part owner, had, by force thereof, an authority to effect insurance for the other owners ; the second, if no previous authority existed, whether a ratification by the other owners, after a knowledge of the loss, will enable them to maintain the present action.

As to the first point, it was long since determined that one part owner had no authority to insure for the rest of the owners, although such part owner was also the ship's husband. *French v. Backhouse,* 5 Bur. 2727. Subsequent cases have confirmed this decision. *Ogle* v. *Wrangham,* Abbott on Ship. (4th Amer. ed.) 76. *Bell* v. *Humphries,* 2 Stark. R. 345. The same decision has taken place in our own court, in the case of *Foster* v. *U. S. Ins. Co.* 11 Pick. 85. The plaintiffs therefore cannot sustain this suit on the ground that the insurance was effected by a part owner.

The second point is, whether a ratification by the other owners, after a knowledge of the loss, will enable the plaintiffs to maintain this action. That the ratification of a contract, made by an unauthorized agent, is equivalent to a preceding authority to make it, is a principle of the common law ; and the only inquiry is, if this case is embraced by the principle. This general rule is not denied ; but the defendants contend that the case at bar is not governed by it, because the parties do not stand on the like ground, nor enjoy equal rights. It is argued, that the part owners, on hearing of the safe arrival of the vessel, may refuse to ratify the act of their cotenant, and that in consequence of their refusal the underwriters will have no claim against them for their premium ; while in case of loss, the owners can enforce the contract against the underwriters ; and thus there is no mutuality in the case.

This reasoning has been urged in previous cases, and though it is not without its force, yet the answer to it is, that the agent or part owner who effects the insurance is himself liable for the whole premium ; because the whole property is at the risk of the underwriters, as the owners may at any time adopt the act, the policy being made for their benefit. And it may be also said that in making the contract, the insurers, having been will-

ing to look to the part owner for their premium, without calling for his authority, cannot justly complain, if, from any cause, the other owners, by disavowing the act, do not render themselves personally liable for the payment of the premium.

That the contract of the agent or part owner may be adopted after a knowledge of the loss, was determined in the case of *Routh* v. *Thompson,* 13 East, 274, where the point came be- fore the court. But the question was afterwards fully consider- ed and distinctly decided in *Hagedorn* v. *Oliverson,* 2 M. & S. 485. In that case, insurance was effected by an agent, and his act was not ratified by the principal, till after a knowledge of the loss. Bayley, J. in giving his opinion says, " a loss has happened, upon which the defendant undertook to pay, and if the premium could not have been recovered back from the de- fendant, there is not any circumstance here which should exon- erate him from liability. I think the plaintiff never could have recovered back the premium from the underwriter, because of the uncertainty whether Schroeder " (the principal) " would adopt the insurance, in respect of which the underwriter would have incurred the risk. While the contract was *in fieri,* there was not any ·disposition, on the plaintiff's part, to have the ꞌꞌolicy vacated, and if there had been, it would have been an answer to him, that Schroeder might have adopted it." And he closes by saying, " the case of *Routh* v. *Thompson* shows that if a policy be effected with reference to the benefit of a person interested, an adoption of it by such person after the loss will be sufficient." See also 1 Phil. Ins. (1st ed.) 61. And in Story on Agency, §§ 246, 248, the same doctrine is maintained and enforced.

It was argued that the present case was the same with that of *Foster* v. *United States Ins. Co.* 11 Pick. 85. But though the cases have strong features of resemblance, there is, among other distinctions, this difference between the two ; viz. that in that case the action was brought in the names of the agents, who effected the insurance, without other proof of ratification ; while in the present case, the parties adopt the act by commencing the suit themselves.                              *Nonsuit taken off*